IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| | : | |
| IMMC CORPORATION | : | Case No. 08-11178 (KJC) |
| f/k/a IMMUNICON CORPORATION, *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

_____

| | | |
|---|---|---|
| ROBERT F. TROISIO, as Liquidating Trustee | : | |
| of IMMC CORPORATION, f/k/a IMMUNICON | : | |
| CORPORATION, | : | |
| | : | |
| v. | : | |
| | : | Adversary Proceeding |
| Plaintiff, | : | No. 10-53063 (KJC) |
| | : | |
| EDWARD L. ERICKSON, BYRON HEWETT, | : | |
| LEON TERSTAPPEN, JAMES L. WILCOX, | : | |
| ELIZABETH TALLETT, J. WILLIAM | : | |
| FREYTAG, ZOLA P. HOROVITZ, JAMES G. | : | |
| MURPHY, BRIAN GEIGER, JONATHAN | : | |
| COOL, and ALLEN J. LAUER, | : | |
| | : | |
| Defendants. | : | |

_____

MEMORANDUM AND ORDER

BY:  KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

Before the Court in this adversary proceeding are the following two motions:

(1) the motion of the eleven defendants, former directors/officers of the Debtor, IMMC Corporation, f/k/a, Immunicon Corporation (the "Debtors," "Immunicon" or the "Company"), to

dismiss the Complaint filed by Robert F. Troisio, Liquidating Trustee (the "Liquidating Trustee") (D.I. #14) (the "Motion to Dismiss"); and

(2) the Liquidating Trustee's motion for summary judgment on the preclusive effect of a pre-petition arbitration provision (D.I. #7) (the "Summary Judgment Motion").

Oral argument was scheduled for March 30, 2011. The parties convened, but substantive argument was not heard on either motion, because the parties had failed to address in their written submissions whether this Court had jurisdiction to consider the claims in the Liquidating Trustee's complaint. *See Shandler v. DLJ Merchant Bank, Inc. (In re Insilco)*, 330 B.R. 512 (Bankr. D. Del. 2005).

At the Court's request, the parties submitted supplemental briefs on the jurisdictional issue. For the reasons which follow, I conclude that this Court is without jurisdiction to determine the claims asserted in this adversary proceeding.

BACKGROUND

Due to the disposition of this adversary proceeding, I will not recount, in detail, facts as alleged in the Complaint, but offer a summary of what I believe to be undisputed facts for purposes of background only.

Immunicon was a medical biotechnology company engaged in the development and manufacture of cell-based research and diagnostic products for capturing, connecting and characterizing rare cell types. Among other things, the Company produced "reagent kits" which could analyze the number and type of certain cells in a patient's blood to allow a doctor to monitor the effectiveness of a patient's cancer treatment.

In 2000, the Company and Veridex (a subsidiary of Johnson & Johnson), entered into an agreement for the development and commercialization of certain cancer diagnostic products. In 2007, the Company commenced an arbitration proceeding against Veridex claiming breach of

the agreement, seeking $160 million in damages, $480 million in punitive damages, and to regain the marketing rights to its products. Veridex ultimately counterclaimed for Immunicon's breach of the agreement and and demanded $168 million in damages. The arbitrator rejected Immunicon's claims and awarded Veridex $304,000 in March 2008. The arbitration award was reduced to judgment in April 2008. The chapter 11 proceeding ensued, and a plan was confirmed on November 7, 2008 (main case D.I. #335).

The Liquidating Trustee's Complaint asserts claims for breach of fiduciary duty against former officers and directors, alleging, in essence, their failure to manage the Company's business and its capitalization in accordance with their duties, by pursuing a costly and risky litigation strategy with Veridex (resulting in professional fees of $14 million), while over-compensating themselves in the process.

## DISCUSSION

In *Insilco*, I held that the failure to identify in the disclosure statement or plan anticipated post-confirmation pursuit of non-chapter 5 avoidance litigation deprived this Court of jurisdiction to dispose of non-chapter 5 avoidance claims due to the absence of the "close nexis" of non-core claims to the bankruptcy case, required by *In re Resorts, Int'l, Inc.*, 372 F. 3d 154 (3d Cir. 2004). Here, the parties have identified the following as all of the relevant provisions in the confirmed Plan and Confirmation Order:

> Pertinent provisions of the Plan incorporated by reference into the Confirmation Order include:
>
> > "Directors" shall mean all current and former members of the Debtors' boards of directors.
>
> > "Director and Officer Liability Claims" means Claims for indemnification or contribution asserted by any Director or Officer for liability (including any defense costs and attorneys' fee) for acts or omissions of such Director or Officer in connection with its official capacity as a Director or Officer of any Debtor, exceeding the amount available under the Directors and Officers Liability Policies.

"Directors and Officers Liability Policies" means the insurance policies in place for the Debtors covering director and officer liability.

"D&O Reserve" means the reserve set forth in Section II.C.4. [1]

"Officers" means all current and former officers of the Debtors.

Section II.C.3.: Class 3 comprises all Director and Officer Liability Claims. Class 3 is Impaired under the Plan. Director and Officer Liability Claims (including any defense costs and attorneys' fees) are contingent upon any Director or Officer of the Debtors being held liable for acts of omissions while serving in their official capacities for the Debtors and such liability exceeding the amount available under the Directors and Officers Liability Policies.[2] The D&O Reserve in the maximum amount available from Class 3 Available Cash up to $500,000 will be maintained by the Liquidating Estate from Class 3 Available Cash for the duration of the Liquidating Estate and any distributions made form [*sic*] the D&O Reserve to holders of Allowed Director and Officer Liability Claims shall be in full satisfaction of such Allowed Director and Officer Liability Claims . . . . Before receiving any recovery from the D&O Reserve, Directors and Officers must satisfy any Claim for indemnification or contribution for liability (including any defense costs and attorneys' fees) for acts or omissions of such Director or Officer in connection with its official capacity as a Director or Officer of any Debtor from proceeds of the Directors and Officers Liability Policies until the insurance proceeds available thereunder are exhausted.

"Retained Actions" means all claims, causes of action, and other rights preserved and vested in the Liquidating Estate under the Plan pursuant to Section IV.C.3 of the Plan.

"Section IV.C.3 . . . . the Liquidating Trustee, on behalf of the Liquidating Estate shall be vested with and shall retain and may enforce any and all claims, rights, and causes of action that the Debtors, the Estates or the Creditors' Committee may hold or have against any entity, including . . . . (iii) any Estate causes of action that could be brought by the Debtors, or the Creditors'

---

[1] This appears to be an erroneous reference, as the D&O reserve provision is in Section II.C.3.
[2] Certain of the Defendants filed proofs of claim seeking indemnification rights pursuant to the Plan. [Brian Geiger claim no. 75; J. William Freytag, claim no. 76; Jonathan Cool, claim no. 77; Zola P. Horovitz, claim no. 78; Bryon Hewett, claim no. 79; Leon Terstappen, claim no. 80; and Allen J. Lauer, claim no. 81].

Committee; and (iv) any and all other claims, rights, or causes of action of any kind or nature of the Debtors, the Estates or the Liquidating Estate that may exist under applicable bankruptcy law or nonbankruptcy law . . .  Upon the Effective Date, the Liquidating Trustee (and only the liquidating Trustee) shall have standing to assert any and all claims, rights, causes of action, and defenses vested in the Liquidating Estate.

Section IV.C.5. . . . Among other things, the Liquidating Trustee shall have the following rights, powers and duties: . . . c. in the Liquidating Trustee's reasonable business judgment, investigate, prosecute, settle and/or abandon rights, actions . . . or litigation of the Liquidating Estate; . . . f. monitor and enforce the implementation of the Plan; . . . i.  in the Liquidating Trustee's reasonable business judgment, object to Claims and manage, control, prosecute and/or settle on behalf of the Liquidating Estate, objections to Claims on account of which the Liquidating Trustee (as Disbursing Agent) will be responsible (if Allowed) for making distributions under the Plan; . . . k.  take all actions necessary and create any documents necessary to wind up the affairs of the Liquidating Estate and implement the Plan; . . . .

Section VI.N.  Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Cases after the Effective Date to the fullest extent provided by law, including the jurisdiction to:  1. Allow, disallow, determine, liquidate, classify, establish the priority or secured or unsecured status of, estimate, or limit any Claim; . . . 4.  Resolve any and all applications, motions, adversary proceedings, and other matters involving the Estates that may be pending on the Effective Date or that may be instituted thereafter in accordance with the terms of the Plan; . . . 6.  Resolve any and all controversies, suits, or issues that may arise in connection with the consummation, interpretation, or enforcement of the Plan or any entity's rights or obligations in connection with the Plan; . . . .

Pertinent provisions of the Confirmation Order include:

Findings of Fact

Paragraph 1.  The continuation of the Debtors' Estates as the Liquidating Estate is an essential element of the Plan.  Entry into the Liquidating Estate Agreement is in the best interests of the Debtors, the Estates and creditors and holders of Interests.  The establishment of the Liquidating Estate, the selection of Robert F.

> Troisio to serve as Liquidating Trustee, the form of the proposed Liquidating Estate Agreement, as the same may subsequently be amended or modified, is appropriate and in the best interests of creditors and holders of Interests. The Liquidating Estate Agreement, shall, upon execution, be valid, binding and enforceable in accordance with its terms. The vesting in the Liquidating Estate of Retained Actions and rights of disallowance, offset, recharacterization and/or equitable subordination with respect to Claims, as specified in the Plan, is a material component of the plan, and nothing in this Order, the Plan, or the Disclosure Statement shall be deemed or construed to prejudice or preclude the full assertion of such rights.
>
> Paragraph J. It is in the best interests of the Estates and its creditors and holders of Interests that rights of action, . . . be retained by the Liquidating Estate as set forth in the Plan.
>
> K. The Court may properly retain jurisdiction over the matters set forth in Section VI.N. [quoted above] of the Plan.
>
> Conclusions of Law
>
> 15. The Retained Actions shall be preserved and vest in the Liquidating Estate as provided in Section IV.C.3. of the Plan and shall be prosecuted, managed, controlled, and/or settled, and/or transferred on behalf of the Liquidating Estate by the Liquidating Trustee, as provided in the Plan and the Liquidating Estate Agreement. . . . .
>
> 28. The Court shall retain jurisdiction as provided in Section VI.N. of the Plan.

Nothing in these passages is sufficiently distinguishable to take the Liquidating Trustee's claims out of the grasp of the holding of *Insilco*. The Liquidating Trustee argues that the necessary "close nexis" exists, nevertheless, because the Court acted upon an earlier motion (main case D.I. #532) (the "Fee Motion") by the defendants (and other former officers and directors), pursuant to which the D&O insurer was authorized to pay certain defense costs of the former officers and directors (main case D.I. #550).[3] The Court's prior exercise of jurisdiction (which was appropriate at that time and in that context), cannot and does not extend this Court's

---

3    See footnote 2, *supra*.

subject matter jurisdiction beyond its proper reach. Finally, I do not perceive any "unique bankruptcy-related issues" here, as asserted by the Liquidating Trustee.[4]

Anticipating this result, and to avert any statute of limitation issues, the Liquidating Trustee asks, alternatively, that this adversary proceeding be transferred to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 US.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.[5]

Therefore, a hearing will be held on January 26, 2012 at 11:00 a.m. (ET) to determine whether such transfer should occur (including whether this Court has authority to do so), and, if so, to which court this adversary proceeding should be transferred. The parties shall file and serve, with copies to Chambers, position papers on this limited issue, which may be in letter form, no later than January19, 2012 at 4:00p.m. (ET).

So ORDERED, this 29th day of December, 2011.

Kevin J. Carey
United States Bankruptcy Judge

cc:    Jason C. Powell, Esquire[6]

---

[4]    In light of this conclusion, I do not address the Summary Judgment Motion.

[5]    *See, e.g., In re Vincente*, 260 B.R. 354, 360 n.11 (Bankr. E.D. Pa. 2001).

[6]    Counsel shall serve the within Memorandum and Order on all interested parties and file a Certificate of Service with the Court.