# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| IMMC CORPORATION<br>f/k/a IMMUNICON CORPORATION, *et al.*, | Jointly Administered<br>Case No. 08-11178 (KJC) |
| Debtors | |
| ROBERT F. TROISIO, as Liquidating Trustee<br>of IMMC CORPORATION, f/k/a<br>IMMUNICON CORPORATION,<br>    Plaintiff, | |
| v. | Adv. Proc. No. 10-53063 (KJC)<br>(D.I. 58) |
| EDWARD L. ERICKSON, BYRON HEWITT,<br>LEON TERSTAPPEN, JAMES L. WILCOX,<br>ELIZABETH E. TALLETT, J. WILLIAM<br>FREYTAG, ZOLA P. HOROVITZ, JAMES<br>G. MURPHY, BRIAN GEIGER, JONATHAN<br>COOL, and ALLEN J. LAUER,<br>    Defendants | |

## MEMORANDUM AND ORDER

**BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the Liquidating Trustee's ("Trustee") Renewed Motion to Transfer this Matter to the United States District Court for the Eastern District of Pennsylvania (D.I. 58) (the "Motion"). In the Motion, the Trustee renews his request that I transfer this adversary proceeding to the District Court for the Eastern District of Pennsylvania - - a request that I addressed and denied in 2012. *Troisio v. Erickson (In re IMMC Liquidating Estate),* Adv. No. 10-53063 KJC, 2012 WL 523632 (Bankr. D. Del. Feb. 14, 2012) (the "2012 Decision"). In

substance, the Trustee's Motion is a motion for reconsideration of my 2012 Decision. For the reasons that follow, the Trustee's Motion is **DENIED** and the Complaint is **DISMISSED**.

I.     **BACKGROUND**

In the Complaint, the Trustee asserts claims for breach of fiduciary duties against the Defendants, former officers and directors of Immunicon Corporation (the "Company"), alleging that they failed to manage the Company's business and its capitalization in accordance with their duties by pursuing a costly and risky litigation strategy against a company called Veridex resulting in professional fees of $14 million, while overcompensating themselves in the process.[1] *In re IMMC Corp.*, Adv. No. 10-53063 KJC, 2011 WL 6832900, at *1 (Bankr. D. Del. Dec. 29, 2011) (the "2011 Decision"). In the 2011 Decision, I concluded that this Court lacked subject matter jurisdiction over the adversary proceeding (*Id.* at *4), but scheduled a further hearing to consider the Trustee's request that I transfer the proceeding to the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631.

In the 2012 Decision, I denied the Trustee's transfer request upon concluding that bankruptcy courts are not "courts" as defined 28 U.S.C. § 610 (which is referenced in § 1631) and, therefore, are without authority to effect such a transfer. *IMMC*, 2012 WL 523632, at *2. I did grant the Trustee's request for an opportunity to file a motion to withdraw the reference to the District Court, a court which the statute authorizes to make transfers to other courts. The District Court, however, denied the Trustee's motion to withdraw the reference. *See In re IMMC*

---

[1] A more comprehensive factual background is available in the 2011 decision.

*Corp.*, Civ. No. 12-406-GMS (D. Del. Feb. 9, 2015). On February 19, 2015, the Trustee filed the Motion, which is opposed by the Defendants.

## II. DISCUSSION

The Trustee's Motion, in substance, is a motion for reconsideration of my 2012 Decision. I will, therefore, evaluate the motion in light of Fed.R.Civ.P. 59, made applicable hereto by Fed.R.Bankr.P. 9023.

Motions for reconsideration are "extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or the legal underpinnings." *In re Home Health Corp. of America, Inc.*, 268 B.R. 74, 76 (Bankr. D. Del. 2001) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion to alter or amend a judgment must be based on one of the following three grounds: (1) an intervening change in controlling law, (2) the availability of previously unavailable evidence, or (3) the need to correct clear error of law or prevent manifest injustice. *Id.* at 76–77 (citing *North River Ins.*, 52 F.3d at 1218). Parties should not use motions for reconsideration "to rehash arguments already briefed." *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp.2d 385, 419 (D. Del. 1999).

In support of the Motion, the Trustee cited *In re DMW Marine, LLC*, 509 B.R. 497 (Bankr. E.D. Pa. 2014) and submitted a Notice of Supplemental Authority citing the recently decided Supreme Court case *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015). Neither *DMW Marine* nor *Wellness Int'l Network* address the authority of a bankruptcy court to transfer a case pursuant to § 1631. The Trustee does not argue that these decisions changed the law; rather, they are offered in support of his initial position - - that this Court is a "court" within the meaning of 28 U.S.C. § 610. But I remain convinced that the express language and

3

legislative history of § 610 support the proposition that Congress did not intend to include bankruptcy courts in its definition of "courts."

For post-confirmation subject matter jurisdiction to exist, an adversary proceeding must have a "close nexus to the bankruptcy plan or proceeding." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 168-69 (3d Cir. 2004). "[P]ost-confirmation 'related to' jurisdiction lies only if the matter at issue affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan." *Shandler v. DLJ Merchant Banking, Inc. (In re Insilco Tech., Inc.)*, 330 B.R. 512, 525 (Bankr. D. Del. 2005) (quoting *Resorts*, 372 F.3d at 167). As I previously decided, the close nexus required for subject matter jurisdiction does not exist here. *In re IMMC Corp.*, 2011 WL 6832900, at *4.

### III.   CONCLUSION

It is therefore **ORDERED** that the Motion is **DENIED** and the Complaint is **DISMISSED**.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: October 30, 2015

cc: Jason C. Powell, Esquire[2]

---

[2] Counsel shall serve a copy of this Memorandum and Order upon all interested parties and file a Certificate of Service with the Court.