IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: IMMC CORPORATION, | : | Chapter 11 |
| f/k/a IMMUNICON CORPORATION, *et al.*, | : | |
| | : | Bankr. Case No. 08-11178 (KJC) |
| Debtors. | : | |
| | : | |
| ROBERT F. TROISIO, as Liquidating Trustee | : | |
| of IMMC CORPORATION, | : | Adv. Proc. No. 10-53063 (KJC) |
| | : | |
| Appellant, | : | Civ. No. 15-1043 (GMS) |
| v. | : | |
| | : | |
| EDWARD L. ERICKSON, BYRON HEWETT, | : | |
| LEON TERSTAPPEN, JAMES L. WILCOX, | : | |
| ELIZABETH E. TALLETT, J. WILLIAM | : | |
| FREYTAG, ZOLA P. HOROVITZ, JAMES | : | |
| G. MURPHY, BRIAN GEIGER, JONATHAN | : | |
| COOL, and ALLEN J. LAUER, | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Presently before the court is the appeal (D.I. 1) of Robert F. Troisio ("Appellant"), liquidating trustee of IMMC Corporation (f/k/a Immunicon Corporation), of the Bankruptcy Court's decision denying Appellant's motion to transfer an adversary proceeding,[1] pursuant to 28 U.S.C. § 1631, to the United States District Court for the Eastern District of Pennsylvania (the "E.D.Pa. Court"), and denying Appellant's renewed motion regarding same, based on the Bankruptcy Court's conclusion that it lacked authority under 28 U.S.C. § 1631 to transfer the proceeding. For the reasons set forth below, the court will affirm the Bankruptcy Court's decision.

---

[1] The docket of the adversary proceeding, *Troisio v. Erickson (In re IMMC Corp.)*, Adv. No. 10-53063-KJC (Bankr. D. Del.), is cited herein as "B.D.I. __."

1

## II.    BACKGROUND

On June 11, 2008, the above-captioned debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code. On November 7, 2008, the Bankruptcy Court confirmed the debtors' plan of liquidation. Pursuant to the plan, Appellant was appointed as liquidating trustee to implement wind-down of the debtors' affairs and liquidation of the debtors' property, and also to pursue certain causes of action. On September 18, 2010, Appellant filed a complaint initiating the adversary proceeding and asserting breach of fiduciary duty claims against the debtors' former officers and directors ("Appellees"). (*See* B.D.I. 1.)

By Memorandum Order dated December 29, 2011, the Bankruptcy Court determined that it was without jurisdiction to decide the claims asserted in the adversary proceeding but scheduled a further hearing to consider Appellant's request that the Bankruptcy Court transfer the adversary proceeding to the E.D.Pa. Court pursuant to 28 U.S.C. § 1631, rather than dismiss the case for want of jurisdiction. *See Troisio v. Erickson (In re IMMC Corp.)*, 2011 WL 6832900, *4 (Bankr. D. Del. Dec. 29, 2011). Whether the Bankruptcy Court has authority to transfer the adversary proceeding to the E.D.Pa. Court is governed by 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed *in a court as defined in section 610* of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added); *see also McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428 n.2 (3d Cir. 1983) (quoting statute with same emphasis)). In response to Appellant's transfer request, Appellees argued that the Bankruptcy Court lacked authority to transfer the adversary proceeding under § 1631 because a bankruptcy court is not a "court" as defined in 28 U.S.C. §

2

610, which provides:

> As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

28 U.S.C. § 610. Appellees argued that bankruptcy courts are not included in the express language of 28 U.S.C. § 610. Appellees further asserted that a review of legislative history demonstrates Congressional intent to limit the transfer power of § 1631 and likewise to exclude bankruptcy courts from the definition of "courts" under § 610. Conversely, Appellant argued that the Third Circuit has recognized a bankruptcy court's authority to transfer cases pursuant to § 1631 in the *Seven Fields* case, which included a footnote stating: "[W]hen a civil action is filed with a district court (of which the bankruptcy court is a unit) with a want of jurisdiction the court shall in the interest of justice transfer the case to a court in which it could have been filed originally." *See Seven Fields Dev. Corp.*, 505 F.3d 237, 247 n.8 (3d Cir. 2007).

## A.   The 2012 Decision

Following briefing and oral argument, the Bankruptcy Court denied the request to transfer the adversary proceeding to the E.D.Pa. Court. *See Troisio v. Erickson (In re IMMC Liquidating Estate)*, 2012 WL 523632, at \*4 (Bankr. D. Del. Feb. 14, 2012) (the "2012 Decision"). In reaching its conclusion, the Bankruptcy Court noted the exclusion of bankruptcy courts from the statute and rejected the argument that the statute should be construed broadly based on legislative intent:

> The Defendants contend that the legislative history demonstrates Congressional intent to limit the transfer power of § 1631, since an early draft of the proposed language allowed for a transfer between any two courts of the United States to cure defects in venue as well as jurisdiction; but "[t]he final version enacted by Congress is more narrow and permits transfer between any two federal courts, *as defined in* 28 U.S.C. § 610 (1986), to cure a defect in jurisdiction, and eliminates any reference to a transfer to cure a defect in venue."

*IMMC*, 2012 WL 523632, \*2 (quoting J. Tayon, *The Federal Transfer Statute: 28 U.S.C. §*

*1631*, 29 S. Tex. L. Rev. 189, 199 n. 58 (1987) (emphasis in original)).  The Bankruptcy Court

found that a review of legislative history of § 610 likewise demonstrated Congressional intent to

exclude bankruptcy courts from its definition of "courts":

> The "Historical and Statutory Notes" to 28 U.S.C. § 610 advise that Congress
> amended § 610 in 1978 by substituting *"district courts, and bankruptcy courts"* for
> the phrase *"and district courts"* (the "1978 Amendment").  However, due to
> extensions of this provision's effective date, the 1978 Amendment was valid for
> only a 12–day period (from June 28, 1984 to July 10, 1984) because a 1984 statute
> provided that the 1978 Amendment "shall not be effective."  These legislative
> gymnastics ultimately kept bankruptcy courts from express inclusion in § 610,
> supporting the view that the failure to include bankruptcy courts in § 610 was not
> an oversight, but a purposeful act.

*IMMC*, 2012 WL 523632, at *2 (citations and footnotes omitted).  The Bankruptcy Court further

concluded that the footnote in *Seven Fields* was *dicta* and that the exclusion of bankruptcy courts

from the express language of §§ 1631 and 610, together with the legislative history of those

sections, cast doubt on the Bankruptcy Court's authority to transfer the adversary proceeding.  *See*

*id.* at *2.[2]

**B.     The 2015 Decision**

On February 19, 2015, Appellant filed with the Bankruptcy Court a renewed motion to

transfer the adversary proceeding to the E.D.Pa. Court, which cited *In re DMW Marine, LLC*, 509

B.R. 497 (Bankr. E.D. Pa. 2014) in support.  (*See* B.D.I. 58.)  In support of the renewed motion,

Appellant also submitted a Notice of Supplemental Authority, which cited *Wellness Int'l Network,*

*Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).  (*See* B.D.I. 64.)  Following oral argument (*see* B.D.I. 65),

---

[2] As part of the 2012 Decision, however, the Bankruptcy Court granted Appellant's request for an opportunity to file
a motion with this court to withdraw the reference, as district courts are among the courts with transfer authority under
§ 1631. *See id.* at *4.  On February 9, 2015, the court denied Appellant's motion to withdraw the reference, concluding
that because bankruptcy jurisdiction was lacking, the action was never properly "referred" to the Bankruptcy Court,
and this court could not withdraw a reference that never existed. *See Troisio v. Erickson*, Civ. No. 12-406-GMS (D.
Del. Feb. 9, 2015) (citing 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or
proceeding *referred under this section* . . .") (emphasis added)).  The court further held that federal jurisdiction was
otherwise lacking because Appellant's complaint alleged jurisdiction based solely on 28 U.S.C. §§ 157 and 1334 and
did not plead diversity jurisdiction. (*Id.*)

the Bankruptcy Court denied the renewed motion, finding that neither of the decisions cited by Appellant changed the law or addressed the authority of a bankruptcy court to transfer a case pursuant to § 1631; rather, the Bankruptcy Court concluded, those cases were "offered in support of [Appellant's] initial position – that this Court is a 'court' within the meaning of 28 U.S.C. § 610." *See Troisio v. Erickson (In re IMMC Corp.)*, 2015 WL 6684638, at *2 (Bankr. D. Del. Oct. 30, 2015) (the "2015 Decision"). The Bankruptcy Court denied the renewed motion as it "remain[ed] convinced that the express language and legislative history of § 610 supports the proposition that Congress did not intend to include bankruptcy courts in the definition of 'courts.'" *Id.*

## C.    Request for Certification of Direct Appeal to the Third Circuit

On November 11, 2015, Appellant filed a notice of appeal with respect to both the 2012 Decision and the 2015 Decision. (*See* D.I. 1.) On the same day, Appellant filed a motion seeking certification of the appeal directly to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A). (*See* D.I. 2.) According to the Certification Motion, the appeal presented the following issue: "Whether bankruptcy judges have the authority to order a transfer of an adversary proceeding pursuant to 28 U.S.C. § 1631." (D.I. 2 at 1.) On January 28, 2016, the court certified the issue for direct appeal to the Third Circuit, pursuant to 28 U.S.C. § 158(d)(2)(A)(i), on the basis that the appeal raised a question of law as to which there is no controlling decision of the Third Circuit or of the Supreme Court. *Troisio v. Erickson (In re IMMC Corp.)*, 2016 WL 356026 (D. Del. Jan. 28, 2016). However, Appellant subsequently failed to perfect the appeal by filing a petition for permission with the circuit clerk as required by Federal Rule of Bankruptcy Procedure 8006(g). Consequently, on April 12, 2016, Appellant filed a motion to reopen and proceed with the appeal in this court (D.I. 9) ("Motion to Reopen"). On May 17, 2016, the court granted the Motion to Reopen. *Troisio v. Erickson (In re IMMC Corp.)*, 2016 WL

2899247 (D. Del. May 17, 2016). Briefing on the merits of the appeal concluded on June 19, 2017. (*See* D.I. 24, 25, 26.)

## III.    PARTIES' CONTENTIONS

Appellant argues that bankruptcy courts should be deemed one of the "courts" with transfer authority because § 610 includes the "district courts of the United States." (*See* D.I. 24 at 5 (quoting 28 U.S.C. § 610)) Appellant primarily relies on language in 28 U.S.C. § 151, which describes bankruptcy judges as a "unit" of the district court. (*See id.* at 7.) Appellant further argues that the Bankruptcy Court's interpretation is at odds with legislative intent behind § 1631, which is to ensure that litigants have their day in court unimpeded by technicalities of procedure. (*See id.* at 5, 11-12.) Appellant further argues that the Bankruptcy Court's conclusion ignored the Third Circuit's statement in *Seven Fields,* as well as the reasoning set forth in *Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 105 (3d Cir. 2008). (*See id.* at 10.) In *Schaefer,* Appellant contends, "[t]he Third Circuit held unequivocally that bankruptcy courts, as units of the district court, come within the definition of 'courts' in 28 U.S.C. § 451 and therefore have the authority to impose sanctions under Rule 11 [of the Federal Rules of Civil Procedure]," and that this reasoning should "appl[y] equally to 28 U.S.C. §§ 610 and 1631." (*See id.* at 5) Finally, Appellant argues that, even if the Bankruptcy Court was not authorized under section 1631 to transfer the adversary proceeding to the E.D.Pa. Court, the Bankruptcy Court was authorized under § 105(a) of the Bankruptcy Code[3] and/or 28 U.S.C. §§ 157[4] or 1412.[5] (*See id.* at 12-14.) On this basis, Appellant urges the court to

---

[3] Appellant argues that the Bankruptcy Court had authority to transfer the adversary proceeding pursuant to § 105(a) of the Bankruptcy Code, which enables it to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). (*See* D.I. 24 at 5.)

[4] Appellant cites § 157(a), which provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Appellant asserts that the delegation of authority from district courts to bankruptcy courts "must be deemed to include transferring cases pursuant to [§] 1631." (*See* D.I. 24 at 13.)

[5] Section 1412 provides "*a district court* may transfer a case or proceeding under title 11 to a district court for another district . . ." 28 U.S.C. § 1412 (emphasis added). Citing this provision, Appellant simply posits that conferring transfer authority on bankruptcy courts would be consistent with the general venue statutes and rules. (*See* D.I. 24 at 13.)

reverse the Bankruptcy Court's 2012 and 2015 Decisions, reinstate the adversary proceeding, and transfer same to the E.D.Pa. Court.  (*Id.* at 15.)

Conversely, Appellees argue that the plain language of the statute is dispositive of the issue on appeal and that legislative history of both sections demonstrates Congressional intent to limit courts with transfer authority.  (*See* D.I 25 at 6-11.)  While early drafts of the Federal Courts Improvement Act of 1984, which enacted § 1631, proposed language that would have allowed transfer between any two courts of the United States to cure defects in venue and jurisdiction, the final version as enacted did not.  According to Appellees, the legislative history of § 610 further supports the Bankruptcy Court's conclusion that "the failure to include bankruptcy courts in § 610 was not an oversight, but a purposeful act."  *IMMC*, 2012 WL 523632 at *2.  Appellees argue that the Bankruptcy Court was correct not to give any weight to the Third Circuit's *dicta* in *Seven Fields* in this case, and that because the *Schaefer* decision did not address a bankruptcy court's transfer authority, its reasoning does not control on this issue either.  (*Id.* at 13-17.)  Appellant's alternative arguments – that the Bankruptcy Court erred in denying transfer because transfer was authorized under 11 U.S.C. § 105(a), 28 U.S.C. § 157, and/or 28 U.S.C. § 1412 – must be denied, according to Appellees, because those arguments were waived, are outside of the scope of this appeal, and are otherwise meritless.  (*See id.* at 19-22.)

## IV.    JURISDICTION AND STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees."  28 U.S.C. § 158(a)(1), (3).  Because the Bankruptcy Court's decision is based on statutory interpretation, the court's review is *de novo*.  *See In re Federal-Mogul Global, Inc.*, 526 B.R. 571, 574 (D. Del. 2015).

7

## V.    DISCUSSION

### A.    Plain Language of the Statute Supports the Bankruptcy Court's Conclusion

While not addressed in Appellant's opening brief, Appellees argue that § 1631 is

unambiguous and urge the court to begin with the statute's plain language. (*See* D.I. 25 at 6-7.)

The court agrees that any analysis must start with the language of the statute itself. "It is

elementary that the meaning of a statute must, in the first instance, be sought in the language in

which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it

according to its terms." *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 569 (3d Cir. 2002) (quoting

*Caminetti v. United States*, 242 U.S. 470, 485 (1917). "The preference for plain meaning is based

on the constitutional separation of powers – Congress makes the law and the judiciary interprets

it. In doing so we generally assume that the best evidence of Congress's intent is what it says in

the texts of the statutes." *Id.* (citing 2A Norman J. Singer, STATUTES AND STATUTORY

CONSTRUCTION 135, § 46:03 (6ᵗʰ ed. 2000)).

Section 1631 limits transfer power to only those courts listed in § 610. 28 U.S.C. § 1631

("Whenever a civil action is filed *in a court as defined in section 610 of this title* . . .") (emphasis

added). Clearly, bankruptcy courts are not one of the "courts" identified in § 610. Section 610 is

very specific about those courts that are "courts" as "used in this chapter" and lists only the

following:

> the courts of appeals and district courts of the United States, the United States
> District Court for the District of the Canal Zone, the District Court of Guam, the
> District Court of the Virgin Islands, the United States Court of Federal Claims, and
> the Court of International Trade.

28 U.S.C. § 610. Appellees argue that this select list of courts is not comprised of any single

category of courts or even of all of the courts in a single category. (D.I. 25 at 8.) "Rather, Section

610 includes only certain Article III tribunals (Courts of Appeals, District Courts, and the U.S.

Court of International Trade), one Article I tribunal (the Court of Federal Claims), and three Article

IV tribunals (the district courts of the Canal Zone, or Guam, and of the Virgin Islands)." *(Id.)*

Along with bankruptcy courts, Appellees argue, there are a number of other Article I tribunals that

were *not* selected for inclusion in § 610.[6]  *(See id.)*   Section 610 also does not include one Article

IV court – the District Court for the Northern Mariana Islands.   The court is persuaded by

Appellees' argument that, in adopting § 610, Congress selectively enumerated these courts, which

controverts Appellant's argument that bankruptcy courts fall within the "penumbra" of § 610.[7]

The plain language of §§ 1631 and 610 supports the Bankruptcy Court's conclusion that

bankruptcy courts are not among the "courts" granted transfer authority.

### B.   Bankruptcy Courts Are Not Deemed Authorized Based on § 610's Inclusion of "District Courts of the United States"

The main argument on appeal is that bankruptcy courts should be deemed one of the

"courts" with transfer authority included in § 610 based on the statute's inclusion of "district courts

of the United States."   Appellant further argues this interpretation finds support in Third Circuit

case law.  Appellant's statutory argument is based on 28 U.S.C. § 151, which describes bankruptcy

judges as a "unit" of the district court.  *(See* D.I. 24 at 7.)   Appellant posits that Congress had no

need to include bankruptcy courts in § 610's list of authorized courts because bankruptcy judges

---

[6] Article I tribunals not selected for inclusion in § 610 include: the United States Court of Appeals for the Armed Forces, the United States Court of Appeals for Veterans Claims, the Board of Immigration Appeals, the Patent Trial and Appeal Board, the Trademark Trial and Appeal Board, the United States International Trade Commission, the United States Tax Court, the Social Security Administration's Office of Disability Adjudication and Review, the United States Immigration Courts, and the United States Merit Systems Protection Board. Article III courts omitted from Section 610 include the Supreme Court of the United States, the United States Foreign Intelligence Surveillance Court of Review, the United States Foreign Intelligence Surveillance Court, the United States Alien Terrorist Removal Court, and the Judicial Panel on Multidistrict Litigation.

[7] In further support of this argument, Appellees point out that Congress has added to, and subtracted from, the list over time. *(See id.* at 9 & n. 3 (citing *Skillo v. United States*, 68 Fed. Cl. 734, 747 (2005) (citing Pub. L. No. 82-248, 65 Stat. 725 (1951) (inserting "the District Court of Guam"); Pub. L. No. 85-508, § 12(e), 72 Stat. 348 (1958) (deleting "the District Court for the Territory of Alaska"); Pub. L. No. 95-598, Title II, § 226, 92 Stat. 2665 (1978) (deleting "bankruptcy courts"); Pub. L. No. 96-417, Title V, § 501(15), 94 Stat. 1742 (1980) (substituting "Court of International Trade" for "Customs Court"); Pub. L. No. 97-164, Title I, Part A, § 120(a), 96 Stat. 33 (1982) (substituting "United States Claims Court" for "Court of Claims, the Court of Customs and Patent Appeals")).

are units of the district court under § 151, and are thus already included in "district courts of the United States." (*See id.*) Appellant's case law argument is based on language found in the Third Circuit's *Shaefer* and *Seven Fields* cases. As set forth below, the court finds no support in the statute or limited case law for Appellant's argument that bankruptcy courts are deemed included among the "courts" with transfer authority under § 610 because they are units of the district courts.

Appellees contend, and the court agrees, that Appellant's statutory argument must fail. (*See* D.I. 25 at 11-13.) Bankruptcy courts are constituted under a different chapter than, and their source of authority is different from, district courts. The scope of the bankruptcy courts' authority is different from – and much more circumscribed than – that of district courts. District courts, as Article III courts, have broad authority to exercise the judicial power of the United States. U.S.C.A. Const. Art. III § 1. In contrast, Article I bankruptcy courts are creatures of statute, created by Congressional legislation, and their power is limited. *See* 28 U.S.C. § 151. Section 151 authorizes bankruptcy judges to exercise the authority conferred **only** under Part I, Chapter 6 of Title 28:

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may **exercise the authority conferred under this chapter** with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 151 (emphasis added). Because § 151 authorizes bankruptcy judges to exercise the authority conferred **only** under Part I, Chapter 6 of Title 28, a bankruptcy judge's authority does not extend to § 1631 because § 1631 neither appears in Chapter 6 nor is incorporated into Chapter 6 by some other statute. Rather, § 1631 appears in Part IV, Chapter 99 of Title 28. The Bankruptcy Court's conclusion is consistent with the statutory authority conferred by Congress.

Case law provides little support for Appellant's argument that bankruptcy courts are

10

deemed authorized based on § 610's inclusion of "district courts of the United States." The Supreme Court cases cited by the parties do not address a bankruptcy court's transfer authority under §§ 1631 and 610.[8]  While conceding that "the Third Circuit has not adjudicated the issue [of] whether bankruptcy courts have jurisdiction to transfer cases under section 1631" (D.I. 24 at 10), Appellant argues that the Third Circuit's analysis in *Schaefer*, together with its statement in *Seven Fields*, provided the Bankruptcy Court with ample authority to order a transfer pursuant to § 1631. However, neither case is on point.

In *Schaefer*, the Third Circuit stated: "We find that although a bankruptcy court is not a 'court of the United States' within the meaning of § 451, it is a unit of the district court, which is a 'court of the United States' and thus the bankruptcy court comes within the scope of § 451." *See Schaefer*, 542 F.3d at 105. The *Schaefer* decision did not concern either § 1631 or § 610 at all. Rather, *Schaefer* addressed the different issue of whether bankruptcy courts are considered "courts of the United States" under 28 U.S.C. § 451 for purposes of sanctioning powers authorized under 28 U.S.C. § 1927.[9]  *See id.* at 105. Appellant argues that this analysis should have applied equally to the Bankruptcy Court's consideration of its transfer authority under § 1631. (*See* D.I. 24 at 5.) However, the source and nature of the authority granted under § 1927 clearly differ from that of § 1631. *See In re Prosser*, 777 F.3d 154, 161-62 (3d Cir. 2015) ("The language and purpose of the statute reflect that [§ 1927] sanctions are aimed at deterring lawyers' bad faith conduct that disrupts the administration of justice by multiplying proceedings in '*any court of the United States.*' 28

---

[8] Appellant previously cited *Wellness* in support of the renewed motion to transfer (B.D.I. 64), but that case does not address the transfer authority of a bankruptcy court under §§ 1631 or 610. Appellees cite *Stern* and *Northern Pipeline* in arguing that "[t]he Supreme Court has rejected the contention that bankruptcy courts are "district courts of the United States" as well as their characterization as "adjuncts" of the district courts (*see* D.I. 5 at 10), but neither case addressed the issue on appeal.

[9] Section 1927 governs counsel's liability for excessive costs and provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

U.S.C. § 1927. A bankruptcy court is a unit of a district court, and as a result, it may impose §

1927 sanctions.") (emphasis added). Section § 451, as a definitional statute, also differs in

language from that of § 610. Section 451 defines a "court of the United States" as follows:

> The term "court of the United States" includes the Supreme Court of the United
> States, courts of appeals, district courts constituted by chapter 5 of this title, including
> the Court of International Trade and any court created by Act of Congress the judges
> of which are entitled to hold office during good behavior.

28 U.S.C. § 451. By contrast, § 610 does not include a broad category of courts "created by Act

of Congress," but rather provides a specific list:

> As used in this chapter the word 'courts' includes the courts of appeals and district
> courts of the United States, the United States District Court for the District of the
> Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the
> United States Court of Federal Claims, and the Court of International Trade.

28 U.S.C. § 610. Perhaps most important, as Appellees point out, in defining courts, Congress

specifically elected § 610 – not § 451 – to incorporate into § 1631:

> With these two definitional statutes available to it – Section 451 and Section 610 –
> Congress chose Section 610 to cross-reference in Section 1631 to define the "courts"
> with authority to transfer. Far from supporting Appellant's position, Section 451
> illustrates that language was readily available to Congress – *e.g.,* "any court created
> by Act of Congress" – if it had intended to include bankruptcy courts in Section 610's
> definition of "courts." In choosing not to use that language, or indeed the language
> "and bankruptcy courts" in Section 610, Congress necessarily excluded bankruptcy
> courts from "courts" authorized to make a transfer under Section 1631.

(D.I. 25 at 15-16.) The court is persuaded that *Schaefer* is inapposite in this case and therefore

cannot conclude that the Bankruptcy Court should have applied *Schaefer*'s reasoning to decide its

transfer authority under §§ 1631 and 610.

Seven Fields is not persuasive in this case either. The appellant in *Seven Fields* argued that

the bankruptcy court erred in denying a motion for remand where the defendant filed the notice of

removal with the bankruptcy court rather than the district court. *See Seven Fields,* 505 F.3d at

246. The Third Circuit held that the bankruptcy court's denial of remand was not reviewable

pursuant to 28 U.S.C. § 1452(b).  *Id.*  The Third Circuit also suggested in a footnote that, even if

it could review the decision denying remand, and even if it were to reverse the decision on the

basis that the filing with the bankruptcy clerk was procedurally improper, its ruling could be

meaningless:

> [W]hen a civil action is filed with a district court (of which the bankruptcy court is
> a unit) with a want of jurisdiction the court shall in the interest of justice transfer
> the case to a court in which it could have been filed originally.  Thus, if the
> bankruptcy clerk thought that the removal should have been to the district court, he
> almost certainly would have sent the removal notice to that court which then would
> have referred it back to the bankruptcy court pursuant to the general referral order.

*Seven Fields*, 505 F.3d at 247 n.8.  Thus, the Third Circuit appeared to theorize that, even if it

remanded the case back to the bankruptcy court, the bankruptcy court would likely transfer the

removal notice to the district court (presumably under § 1631), the district court would then refer

it back to the bankruptcy court, and the bankruptcy court and district court would reinstate their

vacated orders.  *Id.*  The Bankruptcy Court noted that although *dicta* in the higher court's opinion

is often instructive and persuasive, in this case, the exclusion of bankruptcy courts from the express

language of §§ 1631 and 610, together with the legislative history, cast a doubt about its authority

to transfer the action.  *See IMMC*, 2012 WL 523632 at \*2.  Appellees argue that the Bankruptcy

Court was correct not to give any weight to the *Seven Fields* footnote in this case because, among

other reasons: "(1) the footnote is pure *dicta*; (2) the issue of whether bankruptcy courts have

authority to transfer cases under section 1631 was not raised by the parties or addressed by the

*Seven Fields* court; and (3) the hypothetical transfer in *Seven Fields* would not have gone across

district boundaries, as requested in this case."  (D.I. 25 at 14-15 n. 7.)  The court agrees that the

*Seven Fields* discussion is not controlling on this issue.  *See In re Friedman's*, 738 F.3d 547, 552

(3d Cir. 2013) (a determination not necessary to ultimate holding is *dictum*).  Other decisions by

and within the Third Circuit require no different conclusion.[10]

## C. Legislative History Supports the 2012 and 2015 Decisions

While the plain language of §§ 1631 and 630 should be dispositive of the issue on appeal,

the Bankruptcy Court's decision to deny transfer did not rest entirely on the plain meaning of the

statute. Rather, the Bankruptcy Court's holding considered the legislative history of both statutes.

*See IMMC*, 2012 WL 523632 at *2 ("the express language of §§ 1631 and 610, together with the

legislative history, casts doubt about this Court's authority to transfer an action."); *IMMC*, 2015

WL 6684638 at *2 ("I remain convinced that the express language and legislative history of § 610

support the proposition that Congress did not intend to include bankruptcy courts in its definition

of 'courts'"). Appellant argues determining whether bankruptcy courts fall within § 610 requires

a more thorough analysis of the legislative history than that accorded by the Bankruptcy Court (*see*

---

[10] The only other Third Circuit case cited by Appellant is *Oscar v. Bank One*. (*See* D.I. 24 at 9.) In that case, the Third Circuit simply noted that a bankruptcy court had transferred an adversary proceeding to the district court pursuant to 28 U.S.C. § 1631 after dismissing the underlying bankruptcy proceeding. *See Oscar v. Bank One, N.A.*, 223 Fed. Appx. 164, 165 (3d Cir. 2007). However, the Third Circuit did not address the merits of whether the transfer was appropriate because the Third Circuit determined that it lacked appellate jurisdiction. *See id.* at 166. As Appellees also point out, the underlying district court decision did not analyze the issue either. *See In re Oscar*, No. 04-00812 at D.I. 60, pp. 2-2, n.1 (Bankr. E.D. Pa. Nov. 8, 2005). Additionally, the district court docket reflects that it was subsequent withdrawal of the reference that caused the case to proceed before the district court. *See In re Oscar*, No. 05-05928-JP at D.I. 1 (E.D. Pa. Nov. 10, 2005). *Oscar* is also unreported and nonprecedential. *See In re Goody's Family Clothing, Inc.*, 2009 WL 2355705, *2 (D. Del. July 30, 2009) (noting that unreported, nonprecedential opinion applied only to parties of that particular case).

    Appellant cited *DMW Marine* in support of the renewed motion to transfer, wherein the Bankruptcy Court for the Eastern District of Pennsylvania stated: "While § 1631 does not expressly authorize bankruptcy courts to transfer cases, *see* 28 U.S.C. § 610, under the logic of *Schaefer*[,] the bankruptcy court may possess that authority in its capacity as a unit of the district court." *In re DMW Marine, LLC*, 509 B.R. 497, 512 n.28 (Bankr. E.D. Pa. 2014). However, a review of that case shows that the court there merely considered the § 1631 issue in *dicta*, querying whether it had had authority to transfer the case under *Seven Fields* and *Schaefer*, but ultimately decided not to invoke that statute. *See id.* Other decisions within this circuit, while noting the issue, merely reflect uncertainty among the bankruptcy courts regarding their authority, if any, to transfer a case pursuant to § 1631. *See e.g., In re Grocott*, 507 B.R. 816, 823, n.25 (E.D. Pa. 2014) ("The Third Circuit has discussed a bankruptcy court's authority to transfer cases . . . in *dicta* only. For this reason, bankruptcy courts have been hesitant to use § 1631 to permit a transfer to federal court. This alone would be a valid reason for a bankruptcy court to decline to transfer a case pursuant to § 1631.") (footnotes omitted); *In re Vicente*, 260 B.R. 354, 360 n.11 (Bankr. E.D. Pa. 2001) ("While the Third Circuit Court of Appeals in *McLaughlin v. ARCO Polymers, Inc.*, 721 F.2d 426, 429 (3d Cir. 1983), noted legislative history which states that § 1631 'is broadly drafted to allow transfer between any two federal courts,' . . . my research failed to uncover any case where the bankruptcy court was the transferor court. Section 1631 speaks of a court within the definition of 28 U.S.C. § 610. Whether the bankruptcy court is a court within the definition of § 610 for the purposes of § 1631 is not readily answered and beyond the scope of this opinion.") (internal citations omitted).

D.I. 24 at 6-7) and that while the Bankruptcy Court "rested its decision to deny the [Appellant's] motion to transfer upon its interpretation of the legislative history of section 610, . . . what is more important is the legislative history of section 1631" (*id*. at 11-12).

Section 1631 was enacted as part of the Federal Courts Improvement Act of 1982[11] ("FCIA"), and the legislative history provides:

> In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts including courts at both the trial and appellate level -- have subject matter jurisdiction over certain categories of civil actions. The problem has been particularly acute in the area of administrative law where misfilings and dual filings have become commonplace. The uncertainty in some statutes regarding which court has review authority creates an unnecessary risk that a litigant may find himself without a remedy because of a lawyer's error or a technicality of procedures.
>
> At present, the litigant's main protective device, absent an adequate transfer statute, is the wasteful and costly one of filing in two or more courts at the same time. This puts increased burdens on the courts as well as on the parties.
>
> Although most problems in this regard relate to controversies involving the district courts and the court of appeals, there also have been cases involving the Court of International Trade, and the Temporary Emergency Court of Appeals. Therefore, the language of Part A of Title III is broadly drafted to permit transfer between any two federal courts.

S. Rep. No. 275, 97th Cong., 1st Sess. 30, reprinted in 1982 U.S. Code Cong. & Ad. News 11, 21.

Based on this language, Appellant argues the statute "is broadly drafted to permit transfer between *any two federal courts*" which must therefore include the bankruptcy courts. (*See* D.I. 24 at 11 (emphasis added))  According to Appellant, "Congress certainly must have intended to permit bankruptcy courts to transfer adversary proceedings to the proper court upon determination that they lack subject matter jurisdiction" and that it is "inconsistent with the general purpose of the FCIA and the specific purpose of section 1631 to construe 610 as restrictively as did the Bankruptcy Court." (*Id*. at 11-12.)  Conversely, Appellees argue that this general policy statement

---

[11] Pub. L. No. 97-164, April 2, 1982, 96 Stat. 25.

was superseded by the statute as enacted. (*See* D.I. 25 at 11 (citing *Mobley v. CIR*, 532 F.3d 491, 496 (6th Cir. 2008) ("[T]his isolated statement cannot alter the statute's unambiguous reference only to 'a court as defined in section 610 of this title.'"))) Appellees argue that "the fact that the statute as enacted does not permit transfer 'between any two courts' has been lamented, but recognized." (*Id.* (quoting *Tayon*, 29 S. Tex. L. Rev. at 225 (characterizing this limitation as a "flagrant failing" but nevertheless recognizing that "[u]nlike the statute [as originally] proposed . . ., which provided for a transfer between any two courts of the United States, the statute as enacted permits a transfer only between courts as defined by section 610."")).

The court agrees that the legislative history supports the Bankruptcy Court's analysis and conclusion that Congress intended to limit the courts with transfer power under § 1631. "An early draft of [FCIA], which enacted § 1631, proposed language that allowed for a transfer between any two courts of the United States to cure defects in jurisdiction or venue. However, '[t]he final version enacted by Congress is more narrow and permits transfer between any two federal courts, *as defined in 28 U.S.C. § 610 (1986)*, to cure a defect in jurisdiction, and eliminates any reference to a transfer to cure a defect in venue.'" *IMMC*, 2012 WL 523632, at *2 (quoting J. Tayon, 29 S. Tex. L. Rev. at 199 n. 58) (emphasis added by the Bankruptcy Court)). The court agrees with the Bankruptcy Court's conclusion that, at least with respect to the transfer authority of bankruptcy courts, the general policy statement cited by Appellant was superseded by the statute as enacted. *See id.*

The Bankruptcy Court concluded that the legislative history of § 610 also demonstrates Congressional intent to exclude bankruptcy courts from its definition of "courts." *IMMC*, 2012 WL 523632 at *2. As previously noted, Appellant argues that determining whether bankruptcy courts fall within the "penumbra of section 610" required a more thorough analysis of the legislative history than that accorded by the Bankruptcy Court, and that the statute's legislative

history clearly supports a broader interpretation. (D.I. 24 at 6-7.)  The Bankruptcy Court indeed considered the legislative history of § 610 and concluded that the failure to include bankruptcy courts in the statute was purposeful. *IMMC*, 2012 WL 523632 at \*2; 2015 WL 6684638 at \*2. The court's review of the legislative history supports the Bankruptcy Court's conclusion.

In 1978, Congress enacted legislation ("1978 Amendment") creating a separate bankruptcy court and conferring upon it extensive subject matter jurisdiction over the bankruptcy process.[12] The 1978 Amendment, which was set to be effective on June 28, 1984, included amending § 610 by substituting "*district courts, and bankruptcy courts*" for the phrase "*and district courts.*" *IMMC*, 2012 WL 523632, at \*2 (citing 28 U.S.C.A. § 610 "Historical and Statutory Notes," referencing Pub. L. 95-598, Title II, § 226, Nov. 6, 1978, 92 Stat. 2665 (emphasis added)). Before the 1978 Amendment became effective, however, the Supreme Court issued its 1982 decision in *Northern Pipeline*, which invalidated Congress's broad grant of jurisdiction to bankruptcy judges. *See Northern Pipeline*, 458 U.S. 50 at 87.  In response, Congress passed further legislation ("1984 Amendment"), which provided that the 1978 Amendment, including the amendment to § 610 to include bankruptcy courts, "shall not be effective."[13]  Appellant contends that "Congress' post-*Northern Pipeline* amendments to other statutes must not be interpreted to mean that Congress intended to strip the bankruptcy court of the power to enter appropriate orders." (D.I. 24 at 8.) This legislative history supports the view that, by enacting the 1984 Amendment, Congress did not mistakenly "strip" the bankruptcy court's transfer authority, but rather acted with an intent to rescind or invalidate an amendment that would have granted transfer authority to bankruptcy courts in direct response to the Supreme Court's decision in *Northern Pipeline*.  The court agrees that

---

[12] Pub. L. No. 95-598, Title II, § 226, November 6, 1978, 92 Stat. 2665 (establishing a uniform bankruptcy law).

[13] Pub. L. No. 98-353, Title I, § 113, July 10, 1984, 98 Stat. 343 (eliminating the 1978 Amendment by substituting the language "shall not be effective" for "shall take effect on June 28, 1984").  The 1984 Amendment became effective on July 10, 1984.  *Id.*  As a result, the 1978 Amendment and its inclusion of "bankruptcy courts" as "courts" under § 610 was only valid for a 12-day period from June 28, 1984 to July 10, 1984.

such definitive legislative steps support the Bankruptcy Court's conclusion that "the failure to include bankruptcy courts in § 610 was not an oversight, but a purposeful act." *IMMC,* 2012 WL 523632 at *2.

Simply put, § 610's definition of "courts" clearly excludes certain courts.   Where a case "presents a conflict between a statute's plain meaning and its general policy objectives," in general, the "conflict ought to be resolved in favor of the statute's plain meaning." *See Fogleman,* 283 F.3d at 569 (citing *Caminetti,* 242 U.S. at 485).   The court agrees that "the express legislative intent to provide a provision which 'is broadly drafted to permit transfer between any two federal courts' has not been realized." J. Tayon, 29 S. Tex. L. Rev. at 225.

### D.    Other Statutory Bases for Transfer

Appellant argues that transfer was authorized under § 105(a) of the Bankruptcy Code and/or 28 U.S.C. §§ 157 or 1412 but does not cite to any such arguments made below.   Appellant has consistently identified only one issue on appeal: "whether bankruptcy judges have the authority to transfer an adversary proceeding to another court pursuant to 28 U.S.C. § 1631." (*See* D.I. 25-1 at SA1-2 (Bankruptcy Rule 8009 designations); D.I. 2 at 1 (certification request); D.I. 24 at 3 (opening brief)).   The court will not consider Appellant's assertion that the Bankruptcy Court was authorized to transfer the adversary proceeding on these other statutory bases.

### VI.    CONCLUSION

Based upon the plain language of the statutes, the Bankruptcy Court properly ruled that it lacked transfer authority under § 1631 because a bankruptcy court is not a "court" as defined by § 610.   For the foregoing reasons, the 2012 and 2015 Decisions are AFFIRMED.   A separate order shall follow.

Dated: January 2 , 2018

UNITED STATES DISTRICT JUDGE

18